## LINGSWEILER v. LINGSWEILER.

(*Superior Court of New York City, General Term.   January 6, 1890.*)

SUPPLEMENTARY PROCEEDING—EXAMINATION OF DEBTOR—VACATION OF ORDER.

An order for the examination of a third person in supplementary proceedings, made before the return of the execution, should not be vacated for the mere reason that before service thereof execution appears to have been "returned."

Appeal from special term.

Frederick Lingsweiler, a judgment creditor, appeals from an order vacating an order for the examination of a third person alleged to have in her possession property of Charles Lingsweiler, the execution debtor.

*James A. Donegan*, (*Henry Hoffman Browne*, of counsel,) for appellant.   *Peter Cook*, for respondent.

SEDGWICK, C. J.   The judgment creditor obtained an order under section 2441, Code, for the examination of a person averred to have in her possession property belonging to the execution debtor.   The affidavits showed, what at the time was the fact, that the execution had not been returned.   Before the return-day of the order the execution debtor, not the third person, moved that the order be vacated.   The motion was granted.   The ground of this dispo-

sition only appears in the recital of the order then made, as follows: "And it now appearing that at the time of the service of copies of said affidavit and order said execution had been returned." In my opinion, to justify superseding the original order, it was necessary to prove that, after it was allowed, something had occurred which changed the rights of the parties in requiring an order different from that allowed, or which would have called for another kind of disposition of the matter finally. The mere fact of the return of the execution would not have called for another kind of order, or for another kind of exercise of the power of the court. Sections 2447-2449. If the execution had been returned satisfied, then the court would have been without power to direct the person examined to pay or to deliver. The respondent was bound by this. There was no presumption of satisfaction. It was consistent with the recital that the execution had been returned partly unsatisfied. As it does not appear by the record that the judgment debtor had been called into the proceeding by a notice required by the Code, §§ 2446, 2447, and was a party to it, there may be a doubt whether he had a right to make the motion below. This was not considered by the argument of the appeal, and is not passed upon. The order should be reversed, and the motion denied, with $10 costs.